UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TACIA RAFTOPOULOUS-JOHNSON and STEVEN A. JOHNSON on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ARIZONA BOARD OF REGENTS,<br><br>Defendant. | Civil Action No.<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiffs Tacia Raftopoulous-Johnson and Steven A. Johnson ("Plaintiffs") bring this action on behalf of themselves and all others similarly situated against Defendant Arizona Board of Regents ("ABOR" or "Defendant"). Plaintiffs make the following allegations pursuant to the investigation of their counsel and based upon information and belief, except as to the allegations specifically pertaining to themselves, which are based on personal knowledge.

**NATURE OF THE ACTION AND FACTS COMMON TO ALL CLAIMS**

1. This is a class action lawsuit on behalf of all people who paid tuition and fees for the Spring 2020 academic semester at Arizona State University ("ASU"), and who, because of ABOR's response to the Novel Coronavirus Disease 2019 ("COVID-19") pandemic, lost the benefit of the education for which they paid, and/or the services or which their fees were paid, without having their tuition and fees refunded to them.

2. ASU is one of the country's largest public universities, with an enrollment of approximately 90,000 students. The university is organized into 17 colleges and offers 35 degree options for undergraduate students as well as more than 400 graduate and certificate programs. ASU also operates an online program with an enrollment of more than 38,000.

3. On March 11, 2020, ABOR, through ASU's President Michael Crow announced via email that because of the global COVID-19 pandemic, all in-person classes would be suspended effective March 16, 2020. The announcement informed students that all classes would instead be held remotely through online formats.

4. Since March 16, 2020, ASU has not held any in-person classes. The closure of ASU's campuses has been extended through the end of Spring Semester 2020. Classes that have continued have only been offered in an online format, with no in-person instruction.

5. As a result of the closure of Defendant's facilities, Defendant has not delivered the educational services, facilities, access and/or opportunities that Ms. Raftopoulous-Johnson, Mr. Johnson, and the putative class contracted and paid for. The online learning options being offered to ASU students are subpar in practically every aspect, from the lack of facilities, materials, and access to faculty. Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique. The remote learning options are in no way the equivalent of the in-person education that Plaintiffs and the putative class members contracted and paid for.

6. Plaintiffs and the putative class are therefore entitled to a refund of tuition and fees for in-person educational services, facilities, access and/or opportunities that Defendant has not provided. Even if ABOR claims it did not have a choice in cancelling in-person classes, it nevertheless has improperly retained funds for services it is not providing.

7. Through this lawsuit Plaintiffs seek, for themselves and Class members, Defendant's disgorgement of the pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the Spring Semester 2020 when classes moved online and campus services ceased being provided. Plaintiffs seek a return of these amounts on behalf of

themselves and the Class as defined below.

## PARTIES

8. Plaintiff Tacia Raftopoulous-Johnson is a citizen of New Jersey who resides in Sussex County, New Jersey. Ms. Raftopoulous-Johnson is the parent of Plaintiff Steven A. Johnson, an ASU student, and paid for a portion of her son's tuition for the Spring 2020 semester. Ms. Raftopoulous-Johnson and Mr. Johnson collectively paid approximately $14,400 in tuition and fees to Defendant for Spring Semester 2020. Ms. Raftopoulous-Johnson has not been provided a refund of any tuition monies paid, despite the fact that in-person classes have not been held since March 16, 2020.

9. Plaintiff Steven A. Johnson is a citizen of New Jersey who resides in Sussex County, New Jersey. Mr. Johnson is a business major at ASU's W.P. Carey School of Business. Mr. Johnson and Ms. Raftopoulous-Johnson collectively paid approximately $14,400 in tuition and fees to Defendant for Spring Semester 2020. Mr. Johnson has not been provided a refund of any tuition monies paid, despite the fact that in-person classes have not been held since March 16, 2020.

10. Defendant Arizona Board of Regents is the governing board created under the Arizona constitution as the governing body for Arizona State University. ABOR resides in Maricopa County, Arizona, with its principal place of business at 2020 North Central Avenue, Suite 230, Phoenix, Arizona. Plaintiffs are not suing to recover monies paid by taxes to the public universities in Arizona; rather, Plaintiffs file suit against ABOR, a corporate body that may be sued, for specific disgorgement of fees and monies paid by students and their parents, guardians, and families for services not received.

## JURISDICTION AND VENUE

11. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

12. This Court has personal jurisdiction over Defendant because many of the acts and transactions giving rise to this action occurred in this District, and because Defendant conducts substantial business in this District and has sufficient minimum contacts with New Jersey. Defendant has solicited students residing in New Jersey to attend their institutions; has accepted money, including application fees, tuition, and other fees from students residing in New Jersey, has websites accessible to students in New Jersey, has entered into contracts with New Jersey residents, and generally has minimum contacts in New Jersey sufficient to satisfy the Due Process Clauses of the New Jersey and United States Constitutions.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because many of the acts and transactions giving rise to this action occurred in this District, and because Plaintiffs are residents of the state in which the District is located. Specifically, the contract that is the subject of this action was formed in this District.

## FACTUAL ALLEGATIONS

### *Plaintiff And Class Members Paid Tuition And Fees For Spring Semester 2020*

14. Plaintiffs and Class members are individuals who paid the cost of tuition and other mandatory fees for the Spring 2020 Semester at ASU.

15. Spring Semester 2020 classes at ASU began on or about January 13, 2020. Final

exams for the semester are scheduled for end on or around May 9, 2020.

16. Plaintiffs and Class members paid the cost of tuition for the Spring Semester 2020. They also paid other mandatory fees associated with the Spring Semester 2020, including a technology fee and a student fee.

17. Approximate tuition costs at ASU for the Spring Semester 2020 are as follows:

- Arizona resident undergraduate student (12 credits): $14,400
- Non-Arizona residents undergraduate student (12 credits): $5,355
- Arizona resident graduate student (9 credits): $5,860
- Non-Arizona resident graduate student (9 credits): $11,772
- Arizona resident law student: $5,860
- Non-Arizona resident law student: $15,700

18. Fees paid by or on behalf of ASU students vary based on program of study. By way of example, the fees for an Arizona resident or non-resident undergraduate student for the 2019-2020 academic year include a Student Initiated Fees of $628 and a Undergraduate College Fee ranging from $0-$1,800. Some Class members also purchased parking on their respective campuses, which also has not been refunded even though the parking services are no longer available to them.

19. The tuition and fees described in the paragraphs above are provided by way of example; total damage amounts – which may include other fees that are not listed herein but that were not refunded – will be proven at trial.

### *In Response To COVID-19, ASU Closed Campuses And Cancelled All In-Person Classes*

20. On March 11, 2020, ABOR, through ASU's President Michael Crow announced via email that because of the global COVID-19 pandemic, all in-person classes would be

suspended effective March 16, 2020. The announcement informed students that all classes would instead be held remotely through online formats.

21. Since March 16, 2020, ASU has not held any in-person classes. The closure of ASU's campuses has been extended through the end of Spring Semester 2020. Classes that have continued have only been offered in an online format, with no in-person instruction. Even classes for students with concentrations in areas where in-person instruction is especially crucial (such as music, theatre, and the sciences) have only had access to minimum online education options.

22. As a result of the closure of Defendant's facilities, Defendant has not delivered the educational services, facilities, access and/or opportunities that Plaintiffs and the putative class contracted and paid for. Plaintiffs and the putative class are therefore entitled to a refund of all tuition and fees for services, facilities, access and/or opportunities that Defendant has not provided. Even if ABOR claims it did not have a choice in cancelling in-person classes, it nevertheless has improperly retained funds for services it is not providing.

23. Plaintiffs and members of the Class did not choose to attend an online institution of higher learning, but instead chose to attend Defendant's institution and enroll on an in-person basis.

24. Defendant markets the ASU on-campus experience as a benefit of enrollment on ASU's website:

> **Imagine yourself here**
>
> As an ASU student you'll have exceptional opportunities to meet new people, travel to far away places, explore new subjects and discover all that learning has to offer. And since you'll be in or near the nation's fifth-largest city with some of the most beautiful weather you could ask for, you can enjoy professional sporting events, arts and culture, outdoor life, and take advantage of the close proximity to major employers. ASU and the Phoenix area really do have it all.

6

**A fully-immersive living experience**

As a first-year freshman, you'll live on the campus where your major is housed in a residential college community. Our living and learning communities are organized by major, so your future roommate and neighbors will also be your classmates. You'll have access to tutoring, advising, events, staff and other academic resources all right there in the comfort of your new home.

**Be inspired to live your best life**

At Arizona State University, you'll join a community that will help you explore your interests and learn new skills. Through quality academics, enrichment opportunities, and support from friends and faculty, you'll graduate prepared to accomplish your goals throughout your life.

25. The online learning options being offered to ASU students are subpar in practically every aspect, from the lack of facilities, materials, and access to faculty. Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique.

26. The remote learning options are in no way the equivalent of the in-person education putative class members contracted and paid for. The remote education being provided is not even remotely worth the amount charged class members for Spring Semester 2020 tuition. The tuition and fees for in-person instruction at ASU are higher than tuition and fees for other online institutions because such costs cover not just the academic instruction, but encompass an entirely different experience which includes but is not limited to:

- Face to face interaction with professors, mentors, and peers;
- Access to facilities such as libraries, laboratories, computer labs, and study room;
- Student governance and student unions;
- Extra-curricular activities, groups, intramural sports, etc.;
- Student art, cultures, and other activities;
- Social development and independence;
- Hands on learning and experimentation;

- Networking and mentorship opportunities.

27. The fact that ASU students paid a higher price for an in-person education than they would have paid for an online education is illustrated clearly by the vast price difference in ASU's in-person, on-campus programs versus ASU's own online learning programs. ASU tuition for Spring Semester 2020 at any one of ASU's campuses is $14,400 for non-residents (excluding additional mandatory fees including a program fee and technology fee). ASU also offers an online education program, which costs just $6,360 per semester for non-residents. The cost of one semester of an in-person education at ASU is **more than double** the cost of a semester of online education at the same university, as shown in the charts below from ASU's website:

**Spring 2020**

| Tuition/Fee Description | 12+ hours |
|---|---|
| Nonresident Tuition | 14,400 |
| Undergraduate College Fee 4 (see notes below) | 900 |
| Student Initiated Fees (see notes below) | 314 |
| **Total Tuition & Fees** | **$15,614** |

**Spring 2020**

| Tuition/Fee Description | 12 hours |
|---|---|
| Nonresident Online Tuition | 6,360 |
| Financial Aid Trust Fee (see notes below) | 54 |
| Technology Fee | 50 |
| Student Initiated Fees | 0 |
| **Total Tuition & Fees** | **$6,464** |

28. Through this lawsuit Plaintiffs seek, for themselves and Class members, Defendant's disgorgement of the pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the Spring Semester 2020 when classes moved online and campus services ceased being provided. Plaintiffs seek return of these amounts on behalf of

themselves and the Class as defined below.

## CLASS ALLEGATIONS

29. Plaintiffs seek to represent a class defined as all people who paid ASU Spring Semester 2020 tuition and/or fees for in-person educational services that ASU failed to provide, and whose tuition and fees have not been refunded (the "Class"). Specifically excluded from the Class are Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Defendant, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

30. Plaintiffs also seek to represent a subclass consisting of Class members who reside in New Jersey (the "Subclass").

31. Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class and Subclass may be expanded or narrowed by amendment or amended complaint.

32. **Numerosity.**  The members of the Class and Subclass are geographically dispersed throughout the United States and are so numerous that individual joinder is impracticable.  Upon information and belief, Plaintiffs reasonably estimate that there are tens of thousands of members in the Class and Subclass.  Although the precise number of Class members is unknown to Plaintiffs, the true number of Class members is known by Defendant and may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

33.     **Existence and predominance of common questions of law and fact.**  Common questions of law and fact exist as to all members of the Class and Subclass and predominate over any questions affecting only individual Class members.  These common legal and factual questions include, but are not limited to, the following:

(a)     whether Defendant accepted money from Class and Subclass members in exchange for the promise to provide services;

(b)     whether Defendant has provided the services for which Class and Subclass members contracted; and

(c)     whether Class and Subclass members are entitled to a refund for that portion of the tuition and fees that was contracted for services that Defendant did not provide.

(d)     whether Defendant has unlawfully converted money from Plaintiffs, the Class and Subclass; and

(d)     whether Defendant is liable to Plaintiffs, the Class, and Subclass for unjust enrichment.

34.     **Typicality.**  Plaintiffs' claims are typical of the claims of the other members of the Class in that, among other things, all Class and Subclass members were similarly situated and were comparably injured through Defendant's wrongful conduct as set forth herein.  Further, there are no defenses available to Defendants that are unique to Plaintiffs.

35.     **Adequacy of Representation.**  Plaintiffs will fairly and adequately protect the interests of the Class and Subclass.  Plaintiffs have retained counsel that is highly experienced in complex consumer class action litigation, and Plaintiffs intend to vigorously prosecute this action on behalf of the Class and Subclass.  Furthermore, Plaintiffs have no interests that are

antagonistic to those of the Class or Subclass.

36. **Superiority.** A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class and Subclass members are relatively small compared to the burden and expense of individual litigation of their claims against Defendant. It would, thus, be virtually impossible for the Class or Subclass on an individual basis, to obtain effective redress for the wrongs committed against them. Furthermore, even if Class or Subclass members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

37. In the alternative, the Class and Subclass may also be certified because:

(a) the prosecution of separate actions by individual Class and Subclass members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the Defendant;

(b) the prosecution of separate actions by individual Class and Subclass members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

(c) Defendant has acted or refused to act on grounds generally applicable to the Class

as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

## COUNT I
### Breach Of Contract
### (On Behalf Of The Class And Subclass)

38. Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

39. Plaintiffs bring this claim individually and on behalf of the members of the Class and Subclass against Defendants.

40. Through the admission agreement and payment of tuition and fees, Plaintiffs and each member of the Class and Subclass entered into a binding contract with Defendant.

41. As part of the contract, and in exchange for the aforementioned consideration, Defendant promised to provide certain services, all as set forth above. Plaintiffs, Class, and Subclass members fulfilled their end of the bargain when they paid monies due for Spring Semester 2020 tuition. Tuition for Spring Semester 2020 was intended to cover in-person educational services from January through May 2020. In exchange for tuition monies paid, Class and Subclass members were entitled to in-person educational services through the end of the Spring Semester.

42. Defendant has failed to provide the contracted for services and has otherwise not performed under the contract as set forth above. Defendant has retained monies paid by Plaintiffs and the Class for their Spring Semester 2020 tuition and fees, without providing them the benefit of their bargain.

43. Plaintiffs and members of the Class and Subclass have suffered damage as a direct and proximate result of Defendant's breach, including but not limited to being deprived of

the education, experience, and services to which they were promised and for which they have already paid.

44. As a direct and proximate result of Defendant's breach, Plaintiffs, the Class, and Subclass are entitled to damages, to be decided by the trier of fact in this action, to include but no be limited to reimbursement of certain tuition, fees, and other expenses that were collected by Defendant for services that Defendant has failed to deliver.  Defendant should return the pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since ASU shut down on March 16, 2020.

45. Defendant's performance under the contract is not excused due to COVID-19.  Indeed, Defendant should have refunded the pro-rated portion of any education services not provided.  Even if performance was excused or impossible, Defendant would nevertheless be required to return the funds received for services it will not provide.

## COUNT II
### Unjust Enrichment
### (On Behalf Of The Class And Subclass)

46. Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

47. Plaintiffs bring this claim individually and on behalf of the members of the Class and Subclass against Defendant.

48. Plaintiffs and members of the Class and Subclass conferred a benefit on Defendant in the form of monies paid for Spring Semester 2020 tuition and other fees in exchange for certain service and promises.  Tuition for Spring Semester 2020 was intended to cover in-person educational services from January through May 2020.  In exchange for tuition monies paid, Class members were entitled to in-person educational services through the end of

13

the Spring Semester.

49. Defendant voluntarily accepted and retained this benefit by accepting payment.

50. Defendant has retained this benefit, even though Defendant has failed to provide the education, experience, and services for which the tuition and fees were collected, making Defendant's retention unjust under the circumstances. Accordingly, Defendant should return the pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since ASU shut down on March 16, 2020.

51. It would be unjust and inequitable for Defendant to retain the benefit, and Defendant should be required to disgorge this unjust enrichment.

## COUNT III

### Conversion
### (On Behalf Of The Class And Subclass)

52. Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

53. Plaintiffs bring this claim individually and on behalf of the members of the Class and Subclass against Defendant.

54. Plaintiffs and members of the Class and Subclass have an ownership right to the in-person educational services they were supposed to be provided in exchange for their Spring Semester 2020 tuition and fee payments to Defendant.

55. Defendant intentionally interfered with the rights of Plaintiffs, the Class, and Subclass when it moved all classes to an online format and discontinued in-person educational services for which tuition and fees were intended to pay.

56. Plaintiffs and members of the Class and Subclass demand the return of the pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided

since ASU shut down on March 16, 2020.

57. Defendant's retention of the fees paid by Plaintiffs and members of the Class and Subclass without providing the educational services for which they paid, deprived Plaintiffs, Class and Subclass members of the benefits for which the tuition and fees paid.

58. This interference with the services for which Plaintiffs and members of the Class and Subclass paid damaged Plaintiffs and Class members in that they paid tuition and fees for services that will not be provided.

59. Plaintiffs, Class and Subclass members are entitled to the return of pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since ASU shut down on March 16, 2020.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, seek judgment against Defendant, as follows:

(a) For an order certifying the Class and Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as representative of the Class and Plaintiffs' attorneys as Class Counsel to represent the Class and Subclass;

(b) For an order finding in favor of Plaintiffs and the Class and Subclass on all counts asserted herein;

(c) For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

(d) For prejudgment interest on all amounts awarded;

(e) For an order of restitution and all other forms of equitable monetary relief;

(f) For injunctive relief as pleaded or as the Court may deem proper; and

(g) For an order awarding Plaintiffs and the Class and Subclass their reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of any and all issues in this action so triable of right.

Dated: April 16, 2020

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:   */s/ Andrew J. Obergfell*
         Andrew J. Obergfell

Andrew J. Obergfell
Joseph I. Marchese (*pro hac vice* app. forthcoming)
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
Email: aobergfell@bursor.com
            jmarchese@bursor.com

**BURSOR & FISHER, P.A.**
Sarah N. Westcot *(pro hac vice* app. forthcoming*)*
2665 S. Bayshore Drive, Suite 220
Miami, FL 33133
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
Email: swestcot@bursor.com

*Attorneys for Plaintiffs*