UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Tacia Raftopoulous-Johnson and Steven A. Johnson on behalf of themselves and all others similarly situated,**<br><br>         Plaintiffs;<br><br>  v.<br><br>**Arizona Board of Regents,**<br><br>         Defendant. | Case No. 2:20-cv-04399-BRM-ESK<br><br><br>**Defendant Arizona Board of Regents' Brief in Support of their Motion to Dismiss, or in the alternative, Motion to Transfer Venue [Fed. R. Civ. P. 12(b)(2), (3), and (6)]**<br><br>Return Date: July 6, 2020 |

BALLARD SPAHR LLP
210 Lake Drive East, Suite 200
Cherry Hill, NJ 08002
(856) 761-3400
(856) 761-1020
*Attorneys for Defendant*
*Arizona Board of Regents*

STEPHEN J. KASTENBERG
(I.D. No. 026001993)
CHRISTOPHER J. Kelly
(I.D. No. 024972008)
*On The Brief*

LEWIS ROCA ROTHGERBER CHRISTIE LLP
201 East Washington Street, Suite 1200
Phoenix, AZ  85004
*Attorneys for Defendant Arizona Board of Regents*

ROBERT H. McKIRGAN
(*pro hac vice* motion forthcoming)
JESSICA L. FULLER
(*pro hac vice* motion forthcoming)
JENNIFER LEE-COTA
(*pro hac vice* motion forthcoming)
YALDA GODUSI
(*pro hac vice* motion forthcoming)
*On The Brief*

## TABLE OF CONTENTS

Page

I.    INTRODUCTION ................................................................................................ 1

II.   BACKGROUND ................................................................................................ 1

    A.    The Parties ............................................................................................... 1

    B.    Plaintiffs' Purported Basis for Jurisdiction............................................ 2

    C.    The Claims and Requested Relief............................................................ 4

III.  ARGUMENT ..................................................................................................... 5

    A.    The Court Lacks Personal Jurisdiction over ABOR .............................. 5

        1.    The Court does not have general jurisdiction over ABOR. ....................... 6

        2.    The Court does not have specific jurisdiction over ABOR. ...................... 8

    B.    The District of New Jersey is an Improper Venue. ................................ 9

        1.    Dismissal is appropriate under 28 U.S.C. § 1391. ..................................... 9

        2.    Alternatively, transfer of venue to the District of Arizona is appropriate under 28 U.S.C. § 1404(a). ................................................... 12

            (a)    The Private Interests Weigh in Favor of Transferring to the District of Arizona. ...................................................................... 13

            (b)    The Public Interests Weigh in Favor of Transferring to the District of Arizona. ...................................................................... 14

    C.    Plaintiffs Failed to Comply with Arizona's Notice of Claim Statute .................. 15

IV.   CONCLUSION................................................................................................... 17

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Bockman v. First Am. Mktg. Corp.*,
    459 F. App'x 157 (3d Cir. 2012) ........................................................5, 9

*Bristol-Myers Squibb Co. v. Superior Court*,
    137 S. Ct. 1773 (2017)........................................................5, 8

*S.C. ex rel. C.C. v. Deptford Twp. Bd. of Educ.*,
    248 F. Supp. 2d 368 (D.N.J. 2003) ........................................................2

*Cottman Transmission Systems, Inc. v. Martino*,
    36 F.3d 291 (3d Cir. 1994)........................................................10

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014)........................................................6

*Ferreira v. Arpaio*,
    2016 WL 3970224 (D. Ariz. July 25, 2016) ........................................................15

*Frato v. Swing Staging, Inc.*,
    2011 WL 3625064 (D.N.J. Aug. 17, 2011) ........................................................10, 12, 13, 14

*Frazer v. Temple Univ.*,
    2013 WL 12152474 (M.D. Pa. May 15, 2013)........................................................14

*Gehling v. St. George's Sch. of Med., Ltd.*,
    773 F.2d 539 (3d Cir. 1985)........................................................7, 8

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    564 U.S. 915 (2011)........................................................6, 8

*Green v. Arizona Bd. of Regents*,
    2020 WL 2512759 (D. Ariz. May 15, 2020) ........................................................15

*Handler v. Regents of Univ. of Michigan*,
    2000 WL 1635701 (S.D.N.Y. Nov. 1, 2000)........................................................13

*Inzar v. New Jersey Dep't of Corr.*,
    2016 WL 7007497 (D.N.J. Nov. 28, 2016) ........................................................2

*Johnson v. Nextel Commc'ns, Inc.*,
    2007 WL 2814649 (D.N.J. Sept. 21, 2007) ........................................................13, 14

*Jumara v. State Farm Ins. Co.*,
  55 F.3d 873 (3d Cir. 1995)...........................................................................12

*LeBlanc v. Trustees of Indiana Univ.*,
  2012 WL 5266126 (D. Md. Oct. 23, 2012) ....................................................12

*LoPiccolo v. Am. Univ.*,
  2011 WL 1196900 (E.D. Pa. Mar. 31, 2011)..................................................12

*Madrid v. Concho Elementary Sch. Dist. No. 6*,
  2010 WL 1980329 (D. Ariz. May 17, 2010) ..................................................15

*Markey v. Fastuca*,
  2006 WL 469948 (D.N.J. Feb. 27, 2006) .......................................................11

*Pinninti v. NRI Med. Coll. (NRIAS)*,
  2010 WL 2483992 (D.N.J. June 4, 2010) ......................................................8, 9

*Quality Int'l Packaging, Ltd. v. Chamilia Inc.*,
  2015 WL 4749156 (D.N.J. Aug. 5, 2015) .........................................................5

*Reyno v. Piper Aircraft Co.*,
  630 F.2d 149 (3d Cir.1980)............................................................................14

*Rodi v. S. New England Sch. of Law*,
  255 F. Supp. 2d 346 (D.N.J. 2003) ............................................................5, 8, 9

*Ronwin v. Shapiro*,
  657 F.2d 1071 (9th Cir. 1981) ....................................................................2, 15

*Russell-Brown v. Univ. of Fla. Bd. of Trustees*,
  2009 WL 4798230 (D.N.J. Dec. 7, 2009) ......................................................12

*Rutledge v. Arizona Bd. of Regents*,
  660 F.2d 1345 (9th Cir. 1981) .......................................................................15

*Santi v. Nat'l Business Records Mgmt., LLC*,
  722 F. Supp. 2d 602 (D.N.J. 2010) ................................................................12

*Scherer v. Curators of Univ. of Missouri & Law Sch. Admission Council*,
  152 F. Supp. 2d 1278 (D. Kan. 2001).............................................................7

*Time Share Vacation Club v. Atl. Resorts, Ltd.*,
  735 F.2d 61 (3d Cir. 1984)...........................................................................5, 6

*Tocci v. Antioch Univ.*,
  2007 WL 2362592 (D.N.J. Aug. 15, 2007) .....................................................7

*Young v. Arizona*, 2016 WL 7634456, at *1 (D. Ariz. June 13, 2016).........................17

**State Cases**

*Arpaio v. Maricopa Cnty. Bd. of Supervisors*,
    238 P.3d 626 (Ariz. App. 2010)......................................................................16, 17

*Deer Valley Unified Sch. Dist. No. 97 v. Houser*,
    152 P.3d 490 (Ariz. 2007).................................................................................16

*Harris v. Cochise Health Sys.*,
    160 P.3d 223 (Ariz. App. 2007)..........................................................................16

*Salerno v. Espinoza*,
    115 P.3d 626 (Ariz. App. 2005)..........................................................................15

**Federal Statutes**

28 U.S.C. § 1332(d)(2)(A) .......................................................................................2

28 U.S.C. § 1391 ...............................................................................................3, 9, 10

28 U.S.C. § 1404(a) ....................................................................................12, 13, 14

28 U.S.C. § 1332(d) .............................................................................................2

**State Statutes**

A.R.S. § 12-821.01 .......................................................................................15, 16, 17

**Rules**

Fed. R. Civ. P. 12(h) ...........................................................................................2

Fed. R. Civ. P. 12(b) ...............................................................................1, 6, 5, 9, 15

**Constitutional Provisions**

U.S. Const. amend. XI ........................................................................................2

U.S. Const. amend XIV ..................................................................................1, 3, 5

N.J. Const. art. I, § 1 .........................................................................................3

## I.       INTRODUCTION

Public institutions of higher education have been faced with the difficult challenge of continuing their mission to serve students while grappling with the effects of the global COVID-19 pandemic. Pursuant to government guidelines, Arizona State University ("ASU") made the decision to shift its in-person instruction to an online model. In the midst of this ongoing crisis, while ASU is continuing to serve its students in new ways that respond to the pandemic and plan for continuing operations, Plaintiffs have filed this complaint against the Arizona Board of Regents ("ABOR"). Even though the focus of Plaintiffs' complaint is that they wished to complete their studies on campus in Arizona, they have chosen to file this action here in New Jersey.

Allowing Plaintiffs' claims to proceed against ABOR in this District for actions arising in Arizona is fundamentally unfair and does not comport with the Due Process Clause of the Fourteenth Amendment and the venue statute. Not only does this Court lack personal jurisdiction and venue over ABOR, Plaintiffs' claims are also subject to dismissal because Plaintiffs have failed to file a notice of claim in compliance with Arizona's statute governing claims against public entities such as ABOR. Because the Court lacks personal jurisdiction, venue is improper, and Plaintiffs' claims are barred as a matter of law, the Court should grant ABOR's motion to dismiss under Federal Rule of Civil Procedure 12(b)(2), (3) and (6).

## II.      BACKGROUND

### A.       The Parties

ABOR, created under the Arizona Constitution, is the governing board of the Arizona public universities, including ASU. (ECF No. 1 ¶ 10.) ASU is located in Arizona and maintains four different campuses throughout Arizona, where it employs over 28,000 individuals and educates, on ASU's physical campuses, approximately 75,000 students. *See* Searle Declaration at

Ex. 1, ¶¶ 2-6, 10, 12. ASU's on-campus enrollment records reflect that 75,726 students were enrolled for the 2019 Fall semester. *Id.* ¶ 12. Those records further reflect that out of the on-campus enrolled students, 48,739 (64.4%) were from Arizona; 378 students (1.4%) were from New Jersey; and 26,609 (34.2%) were from places other than Arizona and New Jersey. *Id.*

Plaintiff Tacia Raftopoulous-Johnson is the parent of Plaintiff Steven Johnson. (ECF No. 1 ¶ 8.) Mr. Johnson is enrolled at ASU. (*Id.* ¶ 9.) Plaintiffs allege they collectively paid about $14,400 in tuition and fees for the 2020 Spring semester. (*Id.*) Plaintiffs have sued ABOR "for specific disgorgement of fees and monies paid by students and their parents, guardians, and families for services not received."[1] (*Id.* ¶ 10.)

Plaintiffs seek to represent a class of people who "paid ASU Spring Semester tuition and/or fees for in-person education services that ASU failed to provide." (*Id.* ¶ 29.) Plaintiffs also seek to represent a subclass consisting of "Class members who reside in New Jersey." (*Id.* ¶ 30.)

### B.   Plaintiffs' Purported Basis for Jurisdiction

According to Plaintiffs, jurisdiction is proper under 28 U.S.C. § 1332(d)(2)(A) because "at least one member of the Class . . . is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000."[2] (*Id.* ¶ 11.) Plaintiffs allege that ABOR resides in Maricopa County, Arizona and

---

[1] By filing this Motion, ABOR does not consent to subject matter jurisdiction nor does it waive any defenses related to immunity under the Eleventh Amendment or Arizona law. *See S.C. ex rel. C.C. v. Deptford Twp. Bd. of Educ.*, 248 F. Supp. 2d 368, 382 (D.N.J. 2003) ("Because an Eleventh Amendment immunity defense has jurisdictional attributes, it may be raised at any stage of the proceedings, and may even be raised for the first time on appeal.").

[2] ABOR does not concede that jurisdiction is proper under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d), and expressly preserves any and all argument that the Court lacks subject matter jurisdiction over this action. *See* Fed. R. Civ. P. 12(h)(3). Moreover, ABOR notes that for purposes of diversity jurisdiction, ABOR is not a "citizen." *See Ronwin v. Shapiro*, 657 F.2d 1071, 1074 n.3 (9th Cir. 1981) ("[B]ecause the [Arizona Board of Regents] is not a citizen, Arizona's purported consent to be sued does not create diversity jurisdiction."); *Inzar v. New*

that its principal place of business is located in Phoenix, Arizona. (*Id.* ¶ 10.) Plaintiffs are New Jersey citizens and reside in Sussex County. (*Id*. ¶¶ 8-9.)

Plaintiffs also allege the Court has personal jurisdiction over Defendant because "many of the acts and transactions giving rise to this action occurred in [the District of New Jersey], and because Defendant conducts substantial business in this District and has sufficient minimum contacts with New Jersey." (*Id.* ¶ 12.) Specifically, Plaintiffs allege:

- Defendant has "solicited students residing in New Jersey to attend their institution." (*Id*.)

- Defendant has "accepted money, including application fees, tuition, and other fees from students residing in New Jersey." (*Id*.)

- Defendant has "websites accessible to students in New Jersey." (*Id*.)

- Defendant has "entered into contracts with New Jersey Residents." (*Id*.)

According to Plaintiffs, Defendant "generally has minimum contacts in New Jersey sufficient to satisfy the Due Process Clauses of the New Jersey and United States Constitutions." (*Id*.)

Plaintiffs also contend venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391 because "many of the acts and transactions giving rise to this action occurred in [the District of New Jersey]" and because Plaintiffs are "residents of the state in which the District is located." (*Id*. ¶ 13.) Plaintiffs further contend that "the contract that is the subject of this action was formed in [the District of New Jersey]." (*Id.*)

---

*Jersey Dep't of Corr.*, 2016 WL 7007497, at *2 (D.N.J. Nov. 28, 2016) (neither the State or the arm or "alter ego" of a State is a citizen for purposes of diversity jurisdiction).

### C.    The Claims and Requested Relief

Plaintiffs have brought claims against ABOR for breach of contract, unjust enrichment and conversion. (*Id.* ¶¶ 38-59.) According to Plaintiffs, in-person classes were suspended on March 16, 2020. (*Id.* ¶ 3.) Since then, Plaintiffs allege that classes have "only been offered in an online format, with no in-person instruction." (*Id.* ¶ 21.) Each of Plaintiffs' claims arise from the same occurrence: ASU's transition to remote learning caused by the COVID-19 pandemic. The relief requested for each claim is also identical: return of the prorated Spring semester tuition.

For the breach of contract claim, Plaintiffs contend that they are entitled to damages that would include "reimbursement of certain tuition, fees, and other expenses that were collected by Defendant for services that Defendant has failed to deliver" and request the Court "return the prorated portion of any Spring Semester 2020 tuition and fees for education services not provided since ASU shut down on March 16, 2020." (*Id.* ¶ 44.)[3]

For the unjust enrichment claim, Plaintiffs allege that ABOR should "return the pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since ASU shut down on March 16, 2020." (*Id.* ¶ 50.)

For the conversion claim, Plaintiffs "demand the return of the prorated portion of any Spring Semester 2020 tuition and fees for education services not provided since ASU shut down on March 16, 2020." (*Id.* ¶ 56.)

---

[3] Although not material to this motion, ASU did not shut down as Plaintiffs allege. When ASU made the decision to transition to remote learning, it continued to offer thousands of courses digitally. And ASU's most recent commencement graduated 16,000 students, 12,000 of whom attended classes on-campus before the transition to remote learning.

## III.    ARGUMENT

### A.    The Court Lacks Personal Jurisdiction over ABOR

Personal jurisdiction can be either "general" or "specific." *See Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1779–80 (2017). A federal district court may assert jurisdiction over an out of state defendant to the extent authorized by the state in which the court sits. *See Rodi v. S. New England Sch. of Law*, 255 F. Supp. 2d 346, 348 (D.N.J. 2003). New Jersey's long-arm statute extends jurisdiction "to the full scope allowable under the due process restrictions of the Fourteenth Amendment." *Id.* "Once the defense [of lack of personal jurisdiction] has been raised, then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence." *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984).

Plaintiffs seek to convince this Court that jurisdiction is proper because ASU, even though it has no New Jersey campus (*see* Searle Decl. ¶¶ 2, 7),[4] recruits and accepts students who reside in New Jersey. Accepting this theory would expose ABOR to litigation in any state where it recruits and accepts students. And according to this Court, such a result does not comport with due process. *See Rodi*, 255 F. Supp. 2d at 351 ("[S]ubjecting an institution of higher education to jurisdiction in every state into which it grants requests for information does

---

[4] For purposes of a motion under Rule 12(b)(2) and (3), the movant may go outside the pleadings. *Time Share Vacation Club*, 735 F.2d at 66; *Quality Int'l Packaging, Ltd. v. Chamilia Inc.*, 2015 WL 4749156, at *2 (D.N.J. Aug. 5, 2015) (once a plaintiff's allegations showing jurisdiction are "contradicted by an opposing affidavit or other evidence, a plaintiff must respond with actual proofs, not mere allegations.") (internal quotations omitted); *Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 158 n.1 (3d Cir. 2012) (affirming the District Court's order to dismiss under Rule 12(b)(3) "because Plaintiffs failed to rebut the evidence demonstrating that no substantial part of the acts or omissions giving rise to this shareholder derivative action occurred in Pennsylvania.").

not comply with traditional notions of fair play and substantial justice [and] forcing [a higher education institution] to defend itself in courts throughout the nations places an unreasonable burden on its recruitment efforts . . . .").

Because ABOR does not have sufficient contacts with New Jersey, this Court's exercise of personal jurisdiction over ABOR would violate due process and, therefore, dismissal under Rule 12(b)(2) is warranted.

### 1. The Court does not have general jurisdiction over ABOR.

General jurisdiction exists under a limited set of circumstances: "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). General jurisdiction can be established when "affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 119 (2014) (internal quotations omitted).

Without identifying whether they are referring to general jurisdiction or to specific jurisdiction, Plaintiffs contend this Court has jurisdiction over ABOR because it "conducts substantial business" in New Jersey. (ECF No. 1 ¶ 12.) This, however, is a conclusory contention. Plaintiffs must assert factual allegations to support jurisdiction. *See Time Share Vacation Club*, 735 F.2d at 65–67 n.9 (holding that a "conclusory statement which only restates an ultimate fact" is insufficient to establish personal jurisdiction and that a "[p]laintiff [cannot] rely on the bare pleadings alone . . ."). To factually support their contention of general jurisdiction, Plaintiffs allege only that ASU admits students from New Jersey, accepts monies from those students, enters into contracts with those students and makes its website accessible to New Jersey residents. (ECF No. 1 ¶ 12.) It is undisputed ASU has no campus in New Jersey and

- 6 -

that it recruits students nationally and internationally. *See* Searle Decl. ¶¶ 2, 7, 9. Accordingly, Plaintiffs' entire basis for jurisdiction in New Jersey hinges on the fact that ASU accepts students from one particular state in the United States (New Jersey) to attend school in Arizona, accepts tuition from those students, and passively recruits them through its website. These purported bases for personal jurisdiction have been soundly rejected by numerous jurisdictions. *See, e.g.*, *Scherer v. Curators of Univ. of Missouri & Law Sch. Admission Council*, 152 F. Supp. 2d 1278, 1282–83 (D. Kan. 2001) ("As an initial matter, plaintiff has directed the court to no case in which a university from a nonforum state has been held subject to the general jurisdiction of a forum state and, in fact, every case which the court has uncovered holds directly to the contrary.").

In fact, the Third Circuit has rejected the notion that payment of tuition by an in-forum student to a non-forum university satisfies the continuous and systematic contacts requirement to establish jurisdiction:

> Furthermore, the fact that some of St. George's students are Pennsylvania residents does not signify a relevant business contact. Advanced educational institutions typically draw their student body from numerous states, and appellants' theory would subject them to suit on non-forum related claims in every state where a member of the student body resides. Thus, the fact that residents of the state apply and are accepted for admission to St. George's is of no moment. *See Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958) ("The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State."); *see also Reliance Steel Products,* 675 F.2d at 589; *Union National Bank of Pittsburgh v. Pankey,* 284 Pa.Super. 537, 426 A.2d 624 (1980). For the same reason, the fact that St. George's may be said to derive some percentage of its revenues from Pennsylvania residents in return for services provided in Grenada does not subject it to *in personam* jurisdiction.

*Gehling v. St. George's Sch. of Med., Ltd.*, 773 F.2d 539, 542–43 (3d Cir. 1985); *see also Tocci v. Antioch Univ.*, 2007 WL 2362592, at *3 (D.N.J. Aug. 15, 2007) (finding that passive online

websites or advertisements in nationally circulated magazines are insufficient to establish general jurisdiction). Plaintiffs' allegations are no different from those raised by plaintiffs in *Gehling*. Because ABOR's contacts with New Jersey are not "continuous and systemic" to render it "at home" in this forum, this Court lacks general jurisdiction over ABOR.

### 2.   The Court does not have specific jurisdiction over ABOR.

Specific jurisdiction requires the suit to arise out of or relate to a defendant's contacts with the forum. *See Bristol-Myers*, 137 S. Ct. at 1780; *Rodi*, 255 F. Supp. at 351 ("In order to establish specific jurisdiction, the plaintiff must show that his cause of action arose from the defendant's forum-related activities."). Specific jurisdiction depends on an affiliation between "the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear*, 564 U.S. at 919.

The fact that Plaintiffs entered into contracts with ASU and sent payment to ASU is insufficient to confer jurisdiction over ABOR. *See Pinninti v. NRI Med. Coll. (NRIAS)*, 2010 WL 2483992, at *8 (D.N.J. June 4, 2010) (rejecting plaintiffs' specific jurisdiction argument that entering into contract with New Jersey resident and accepting payment from New Jersey checking account was sufficient to show that medical college purposefully availed itself to the "privilege of conducting activities within the forum") (internal quotations omitted). Indeed, those actions have been characterized as plaintiffs' "unilateral actions," which cannot confer jurisdiction over a non-resident defendant. *Id.* ("The contract between [plaintiff] and [the medical college] in which [plaintiff] paid tuition in exchange for a seat in the . . . medical college came about as a result of the plaintiffs' unilateral action."); *Rodi*, 255 F. Supp. at 351 (law school's response to plaintiff's inquiry and acceptance letter were results of plaintiff's unilateral actions

and did not evidence intention of law school to "purposefully avail itself to the privilege of conducting activities within New Jersey") (internal quotations omitted).

Even if Plaintiffs could show sufficient contacts to confer jurisdiction over ABOR (which they cannot), this Court has already established that subjecting ABOR to jurisdiction in New Jersey would not comport with traditional notions of fair play and substantial justice. *See Rodi*, 255 F. Supp. 2d at 351; *Pinninti*, 2010 WL 2483992 at *9 (finding that even if medical college had more extensive contacts with forum, subjecting the college to the Court's jurisdiction would not comply with Due Process).

This Court does not have personal jurisdiction over ABOR and should dismiss the Complaint.

## B.    The District of New Jersey is an Improper Venue.

### 1.    Dismissal is appropriate under 28 U.S.C. § 1391.

When deciding whether an action should be dismissed pursuant to Rule 12(b)(3), the Court accepts the allegations in the complaint as true "unless those allegations are contradicted by the defendants' affidavits." *Bockman v. First Am. Mktg. Corp.,* 459 F. App'x 157, 158 n.1 (3d Cir. 2012) (affirming order to dismiss under Rule 12(b)(3) "because Plaintiffs failed to rebut the evidence demonstrating that no substantial part of the acts or omissions giving rise to this shareholder derivative action occurred in Pennsylvania").

In determining whether venue is appropriate, the general venue statute applies. *See* 28 U.S.C. § 1391. Pursuant to that statute, a civil action may be brought in:

> 1. A judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> 2. A judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action

is situated; or

3. If there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*See* 28 U.S.C. § 1391(b)(1)-(3).

Both the first and third factors are inapplicable here. Plaintiffs concede that ABOR is a resident of Arizona—not New Jersey. (*See* ECF No. 1 ¶ 10 ("ABOR resides in Maricopa County, Arizona, with its principal place of business at 2020 North Central Avenue, Suite 230, Phoenix, Arizona.")). Because ABOR resides in Arizona, Plaintiffs could have filed the Complaint in Arizona District Court.

Whether venue lies in this District depends on whether a substantial part of the events or omissions giving rise to the claim occurred in New Jersey. The test is not "the defendant's contacts with a particular district, but rather the location of those events or omissions giving rise to the claim." *Cottman Transmission Systems, Inc. v. Martino,* 36 F.3d 291, 294 (3d Cir. 1994) (internal quotations and citations omitted). In contract actions,[5] "factors determining where the claim arose include where the contract was negotiated or executed, where the contract was to be performed, and where the alleged breach occurred." *Frato v. Swing Staging, Inc.,* 2011 WL 3625064, at *4 (D.N.J. Aug. 17, 2011) (finding "that performance of, and the alleged breach, occurred primarily in New York" not New Jersey) (internal citations omitted).

All of Plaintiffs' claims, breach of contract, unjust enrichment, and conversion, stem from events that occurred in Arizona. Plaintiffs allege that because ASU's President suspended

---

[5] It is unclear what specific contract forms the basis of Plaintiffs' claim for breach, particularly for Plaintiff Tacia Raftopoulous-Johnson who does not attend ASU and has no contract with ASU. To the extent any purported contract is related to tuition, payment was made to ASU, which is located in Arizona.

all in-person classes, ABOR "has not delivered the educational services, facilities, access and/or opportunities that" Plaintiffs paid for and that "[s]tudents have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique." (ECF No. 1 ¶¶ 3, 5.) ASU's suspension of in-person classes—the event that triggered Plaintiffs' claims—was announced by the President Crow in Arizona. *See* Searle Decl. ¶¶ 8, 13-14; (ECF No. 1 ¶ 3.) Plaintiffs further allege that "[a]s a result of the closure of [ABOR's] facilities, [ABOR] has not delivered the educational services, facilities, access and/or opportunities that Plaintiffs and the putative class contracted and paid for." (*Id*. ¶ 22.)

Thus, according to Plaintiffs, it is ABOR's conduct in Arizona that serves as the crux of their claims. (*Id*. ¶ 42 ("[ABOR has failed to provide the contracted services and has otherwise not performed under the contract as set forth above."); *see also* ¶ 50 ("[ABOR] has retained this benefit, even though [ABOR] has failed to provide the education, experience, and services for which the tuition and fees were collected. . . ."); ¶ 55 ("[ABOR] intentionally interfered with the rights of Plaintiffs. . . when it moved all classes to an online format and discontinued in-person educational services for which tuition and fees were intended to pay.")). Plaintiffs make no allegation that any of the foregoing conduct occurred in New Jersey.

Similarly, the contract that Plaintiffs allege ABOR breached was to be performed in Arizona because Plaintiffs are complaining that they cannot attend their in-person classes ***in Arizona***. Although Plaintiffs state the contract was "formed in this District" (*Id*. ¶ 13), it is also the very services at issue in this case that were performed in Arizona. Plaintiffs cannot, and did not, allege that the breach occurred in New Jersey, or that the contract was to be performed in New Jersey.

Because a substantial part of the events or omissions giving rise to the claim occurred in Arizona, venue is improper in New Jersey and the Complaint should be dismissed. *See Markey v. Fastuca,* 2006 WL 469948, at *2 (D.N.J. Feb. 27, 2006) (finding that defendant did not reside in New Jersey, the action could have been brought in Pennsylvania where the defendant resided, and that the substantial part of the events or omissions did not occur in New Jersey); *see also Russell-Brown v. Univ. of Fla. Bd. of Trustees,* 2009 WL 4798230, at *3 (D.N.J. Dec. 7, 2009) (finding that the District of New Jersey was not the appropriate venue for a complaint lodged against The University of Florida Board of Trustees and The University of Florida Levin College of Law); *LoPiccolo v. Am. Univ.,* 2011 WL 1196900, at *4 (E.D. Pa. Mar. 31, 2011) (finding that the Eastern District of Pennsylvania was an improper venue to bring in defendant American University which is located in Washington D.C.); *LeBlanc v. Trustees of Indiana Univ.,* 2012 WL 5266126, at *1 (D. Md. Oct. 23, 2012) ("This action could have been instituted in the Southern District of Indiana, where the University is located.").

### 2.    Alternatively, transfer of venue to the District of Arizona is appropriate under 28 U.S.C. § 1404(a).

Although dismissal is warranted, the Court may, in the alternative, transfer the case to the District of Arizona. *See* 28 U.S.C. § 1404(a). The moving party—here ABOR—bears the burden to establish that transfer is appropriate and "the alternate forum is more convenient than the present forum." *Santi v. Nat'l Business Records Mgmt., LLC,* 722 F. Supp. 2d 602, 606 (D.N.J. 2010).

When a party moves to transfer under Section 1404(a) the District "must determine: (1) whether the proposed forum is one in which Plaintiff could have originally brought suit, and (2) whether transfer would be in the interest of justice and for the convenience of parties and witnesses." *Frato,* 2011 WL 3625064, at *2 (internal quotations and citations omitted). Courts

within the Third Circuit also consider relevant "private and public interests protected by the language of § 1404(a)." *Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 879 (3d Cir. 1995).

**(a)     The Private Interests Weigh in Favor of Transferring to the District of Arizona.**

The private interests to consider when deciding to transfer a matter include: "(1) plaintiff's forum preference; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses; and (6) the location of books and records." *Frato,* 2011 WL 3625064, at *2 (citing *Jumara,* 55 F.3d at 879)). Here, the private interests in this case weigh in favor of transfer.

Although Plaintiffs' choice of forum is this District, "courts in this District often give less weight to a plaintiff's forum choice when the dispute at the heart of a lawsuit occurred almost entirely in another state." *Id.* at *3 (citing *Santi,* 722 F.Supp.2d at 607). Because Plaintiffs' claims arose in Arizona (one of the alleged contracting parties was located in Arizona, the alleged breach occurred in Arizona, and the alleged contract was to be performed in Arizona), the Court should give less weight to Plaintiffs' choice of forum. *See Johnson v. Nextel Commc'ns, Inc.,* 2007 WL 2814649, at *4 (D.N.J. Sept. 21, 2007) (granting New York law firm's motion to transfer to the Southern District of New York pursuant to Section 1404 because, among other reasons, the alleged breach of duty giving rise to the claim occurred in New York).

Further, because the alleged events giving rise to Plaintiffs' claims occurred in Arizona, the majority of relevant witnesses, custodians and records are located in Arizona. *See* Searle Decl. ¶ 11. The vast majority of the putative class members are Arizona residents. *Id*. ¶ 12. Under these circumstances, Arizona (not New Jersey) is the more convenient forum. *Handler v. Regents of Univ. of Michigan,* 2000 WL 1635701, at *3 (S.D.N.Y. Nov. 1, 2000) (granting defendants' motion to transfer to the Eastern District of Michigan, where the University of

- 13 -

Michigan is located, under 28 U.S.C. § 1404(a) because, among other reasons, the primary

witnesses and documents were within the Eastern District of Michigan).

>           **(b)      The Public Interests Weigh in Favor of Transferring to the
>                      District of Arizona.**

When deciding whether transfer is appropriate, the public interests this Court may

evaluate include:

> (1) the enforceability of the judgment; (2) practical considerations
> that could make the trial easy, expeditious or inexpensive; (3) the
> relative administrative difficulty in the two fora from court
> congestion; (4) the local interest in deciding controversies at home;
> (5) the public policies of the fora; and (6) the familiarity of the trial
> judge with the applicable state law in diversity cases.

*Frato,* 2011 WL 3625064, at *2 (citing *Jumara,* 55 F.3d at 879-80).

Here, Plaintiffs' claims are state claims—not federal claims—and the District of Arizona

would be more familiar with the applicable state law.[6] Further, a trial in Arizona would be more

expeditious and inexpensive because ASU's relevant witnesses are located in Arizona, not to

mention the many in-state ASU students Plaintiffs seek to represent in the putative class.

Additionally, Arizona has a strong interest in deciding controversies regarding its state

universities and resident students. *See Frazer v. Temple Univ.,* 2013 WL 12152474, at *3 (M.D.

Pa. May 15, 2013) (transferring the case to the Eastern District of Pennsylvania, where Temple

University is located, from the Middle District of Pennsylvania under 28 U.S.C. § 1404(a)

because of non-party witness convenience and the Eastern District—like all courts—have a

---

[6] Because this Court lacks jurisdiction over ABOR and venue in New Jersey is improper, as well
as traditional choice of law analysis, Arizona law applies to Plaintiffs' claims. *See Reyno v. Piper
Aircraft Co.,* 630 F.2d 149, 166 n.56 (3d Cir.1980) (noting that forum must have reasonable due
process basis for applying its own law, which "does not exist if party opposing application for
forum's law has no minimum contacts with forum, the transaction giving rise to the claim is not
connected with the forum, or application of the forum's law would otherwise be manifestly
unfair"), *rev'd on other grounds,* 454 U.S. 235 (1981).

strong interest in resolving matters of local interest); *see also Johnson,* 2007 WL 2814649, at *5 (granting New York law firm's motion to transfer to the Southern District of New York from the District of New Jersey pursuant to Section 1404 because, among other reasons, New York had a strong public interest in the matter). The public interests heavily weigh in ABOR's favor to transfer venue to the District of Arizona.

### C.     Plaintiffs Failed to Comply with Arizona's Notice of Claim Statute

Plaintiffs have sued ABOR, an Arizona governmental entity. *See Rutledge v. Arizona Bd. of Regents*, 660 F.2d 1345, 1349 (9th Cir. 1981), *abrogated on other grounds by Haygood v. Younger*, 769 F.2d 1350, 1356 (9th Cir. 1985) ("The Arizona Board of Regents is treated as the State of Arizona under Arizona law."). Prior to suing such an entity, a plaintiff must "file a notice of claim 'with the person or persons authorized to accept service for the public entity as set forth in the Arizona rules of civil procedure[.]'" [7] *Madrid v. Concho Elementary Sch. Dist. No. 6*, 2010 WL 1980329, at *2 (D. Ariz. May 17, 2010), *aff'd,* 439 Fed. Appx. 566 (9th Cir. 2011) (quoting *Falcon v. Maricopa Cnty.*, 144 P.3d 1254, 1255 (Ariz. 2006)); *Green v. Arizona Bd. of Regents*, 2020 WL 2512759, at *4 (D. Ariz. May 15, 2020) (granting dismissal because plaintiff failed to timely file notice of claim).

"Failure to strictly comply with the statute's requirements results in preclusion of a plaintiff's claims." *Ferreira v. Arpaio*, 2016 WL 3970224, at *3 (D. Ariz. July 25, 2016); *see also Salerno v. Espinoza*, 115 P.3d 626, 628, ¶ 7 (Ariz. App. 2005) ("Compliance with the notice provision of § 12-821.01(A) is a mandatory and essential prerequisite to such an action, and a

---

[7] By filing this Rule 12(b)(6) motion to dismiss, ABOR does not waive sovereign immunity or consent to suit in federal court. *See supra* n.1; *see also Ronwin*, 657 F.2d at 1073 (noting that consent to be sued in state court does not imply consent to be sued in state court).

plaintiff's failure to comply bars *any* claim.") (internal quotations and citations omitted) (emphasis in original).

The notice of claim statute provides in relevant part:

> A. Persons who have claims against a public entity . . . shall file claims with the person or persons authorized to accept service . . . within one hundred eighty days after the cause of action accrues. The claim shall contain facts sufficient to permit the public entity. . . to understand the basis on which liability is claimed. The claim shall also contain a specific amount for which the claim can be settled and the facts supporting that amount. Any claim that is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon.
>
> *        *        *
>
> E. A claim against a public entity . . . is deemed denied sixty days after the filing of the claim unless the claimant is advised of the denial in writing before the expiration of sixty days.

A.R.S. § 12-821.01(A), (E).

The statute is designed to enable public entities such as ABOR to "investigate and assess their liability, to permit the possibility of settlement prior to litigation and to assist the public entity in financial planning and budgeting." *See, e.g.*, *Harris v. Cochise Health Sys.*, 160 P.3d 223, 230, ¶ 25 (Ariz. App. 2007) (internal quotations omitted). The Arizona Legislature has imposed the penalty of barring claims for noncompliance. *See* A.R.S. § 12-821.01(A) (claims not filed within one hundred eighty days after cause of action accrues are barred); *Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 152 P.3d 490, 492, ¶ 6 (Ariz. 2007) ("Claims that do not comply with A.R.S. § 12-821.01.A are statutorily barred.").

Plaintiffs are expressly seeking compensatory damages. (ECF No. 1, Prayer for Relief (c).) Under Arizona law, claims seeking a return of funds from public entities are subject to the notice of claim statute. *See Arpaio v. Maricopa Cnty. Bd. of Supervisors*, 238 P.3d 626, 630, ¶ 11 (Ariz. App. 2010) (requiring compliance with notice of claim statute even though plaintiff sought

declaratory relief because a favorable declaration by the Court would enable plaintiff to seek recovery of $24 million from the State).

Here, the Complaint contains no affirmative statement suggesting Plaintiffs have complied with the statute. They do not reference the statute nor do they indicate they properly served a notice of claim. Further, the timing of the filing of the Complaint and of the events giving rise to the claims support the conclusion that Plaintiffs did not file a notice of claim.

In *Young v. Arizona*, plaintiff alleged he was injured on September 8, 2015, but filed his lawsuit on September 23, 2015, only fifteen days after his injury. 2016 WL 7634456, at *1 (D. Ariz. June 13, 2016). The Court granted defendants' motion to dismiss finding that it was "not plausible that [plaintiff] was able to submit his notice of claim and receive a denial within 15 days." *Id.*

Similarly, Plaintiffs purported injury occurred when ASU transitioned to remote learning. That did not occur until March 16, 2020. *See* Searle Decl. ¶ 14; (ECF No. 1 ¶ 4.) Plaintiffs filed this Complaint on April 17, 2020, approximately a month after ASU transitioned to remote learning. It is not plausible that Plaintiffs submitted a notice of claim and received a denial before filing suit, particularly because the statute provides a public entity with sixty days to deny a claim. *See* A.R.S. § 12-821.01(E). Thus, it is apparent from the face of the Complaint that Plaintiffs failed to comply with the notice of claim statute. Because Plaintiffs did not serve the notice of claim, the Complaint is barred and the Court should dismiss this action.

## IV.    CONCLUSION

Plaintiffs' asserted basis for jurisdiction does not comport with traditional notions of fair play and substantial justice. Allowing this action to proceed would open the door to litigation against ABOR and other universities across the country in any and every forum from which they accept students. Such a result is untenable. Because the Court lacks jurisdiction over ABOR, the

Court should dismiss this action. Further, dismissal is warranted because New Jersey is an improper venue and because Plaintiffs' claims are barred for failure to file a notice claim. For the foregoing, the Court should grant this Motion.

DATED:  May 26, 2020                    Respectfully submitted,

                                        BALLARD SPAHR LLP

                                        By:     s/ *Christopher J. Kelly*
                                                Stephen J. Kastenberg
                                                Christopher J. Kelly

                                        *Attorneys for Defendant Arizona Board of Regents*